individuals, the deposit of those bank checks into other bank accounts, and the structuring of cash withdrawals to avoid currency reporting requirements. Defendants KELLY ANN COUCHMAN and TOM PETERS caused payments to be made to bank accounts in the name of defendant AKHIL BANSAL in excess of $1.1 million dollars between in or about November 2003 and in or about April 2005.

12.    Defendant JITENDRA ARORA maintained bank accounts in the United States, in Canada, and in the Caribbean in order to facilitate the receipt and payment of funds in furtherance of his illegal activities described above, and caused payments to be made, sometimes to and through U.S. correspondent banks, to accounts in the United States and abroad in the name of defendants AKHIL BANSAL and ATUL VIJAYKUMAR PATIL, in excess of $1,400,000 between in or about September 2004 and in or about April 2005.

13.    Defendant ROHN WALLACE maintained bank accounts in Ireland in order to facilitate the receipt and payment of funds in furtherance of his illegal activities described above, and caused payments, through U.S. correspondent bank accounts, to be made to accounts maintained by defendant AKHIL BANSAL in excess of $620,000 between in or about May 2004 and in or about April 2005.

14.    Defendant VICTOR DEVORE maintained a bank account in Florida in order to facilitate the receipt and payment of funds in furtherance of his illegal activities, and caused payments to be made to accounts maintained by defendant AKHIL BANSAL, in excess of $135,000 between in or about July 2004 and in or about April 2005.

15.    Defendants MATTHEW JOSEPH MELAO and CHRISTOPHER GEOFF LAINE maintained bank accounts in the United States, Switzerland, and Korea in order to facilitate the

receipt and payment of funds in furtherance of their illegal activities, and caused Western Union

transfers and other payments, sometimes through U.S. correspondent banks, to be made to

accounts maintained in the United States and abroad by defendant AKHIL BANSAL, in excess

of $130,000 between in or about July 2004 and in or about April 2005.

16.    Defendant KEVIN ATKINSON maintained bank accounts in the United States,

Canada and elsewhere in order to facilitate the receipt and payment of funds in furtherance of his

illegal activities, and caused wire transfers, sometimes through U.S. correspondent bank

accounts, to be made to accounts maintained by defendants AKHIL BANSAL and SANJEEV

ANANT SRIVASTAV in the United States and in India, in excess of $990,000 between in or

about January 2004 and in or about April 2005.

17.    Members of the International Pharmacy website group (charged elsewhere)

communicated with the supplier defendants via e-mail, telephone and meetings; and made

substantial payments of more than $3,000,000 to the supplier defendants' bank accounts in the

United States and in foreign countries from their accounts, between in or about July 2003 and in

or about April 2005, in payment for controlled substance and non-controlled pharmaceuticals

supplied by the supplier defendants.

18.    The supplier defendants received payments from other website operators in

exchange for shipments of controlled substance pharmaceutical drugs made to customers of those

other website operators.

### OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, the following overt acts

were committed in the Eastern District of Pennsylvania and elsewhere:

1.      On or about July 7, 2003, defendant AKHIL BANSAL opened a bank account at Wachovia Bank, 1500 Market Street, Philadelphia, Pennsylvania, listing the address 7901 Henry Avenue, Apartment E 108, Henry on the Park, Philadelphia, PA 19128 as the address on the account.

2.      In or about January 2004, defendant AKHIL BANSAL opened a bank account at Fleet Bank, 1600 John F. Kennedy Blvd., Philadelphia, Pennsylvania, listing the address 7901 Henry Avenue, Henry on the Park, Apartment E 108, Philadelphia, Pennsylvania as the address on the account.

3.      On or about January 29, 2004, defendant AKHIL BANSAL opened a bank account with Bank of America, listing the address 7901 Henry Avenue, Apartment E 108, Philadelphia PA 19128 as the address on the account.

4.      On or about February 6, 2004, defendant AKHIL BANSAL opened a bank account with JP Morgan/Chase Manhattan Bank listing the address 7901 Henry Avenue, Apartment E 108, Philadelphia, PA 19128 as the address on the account.

5.      On or about November 1, 2004, defendant AKHIL BANSAL opened a bank account at Commerce Bank, 8301 Henry Avenue, Philadelphia, Pennsylvania, listing the address 7901 Henry Avenue, Apartment E 108, Philadelphia, PA, as the address on the account.

6.      In or about March and April 2004, defendant KELLY ANN COUCHMAN established bank accounts at RBC Centura Bank, Sarasota, Florida in the name of Kelly Couchman and "Kelly Couchman d/b/a Global Health Care."

7.      In or about September 2003, defendant KELLY ANN COUCHMAN established bank accounts at Wachovia Bank, Sarasota, Florida.

-43-

8.      On or about September 7, 2004, defendant BRIJ BHUSHAN BANSAL sent an e-mail message to defendant TOM PETERS at *myemeds@myemds.com* and attached to the e-mail message a document entitled "MY-MEDS-INVOICE-83," which listed 109 separate shipments of pharmaceutical drugs, with customer names and addresses in the United States and elsewhere, which included alprozolam, a controlled substance in Schedule IV; Darvon®, a controlled substance in Schedule IV; codeine, a controlled substance in Schedule II; diazepam, a controlled substance in Schedule IV; and Ambien®, a controlled substance in Schedule IV, billing a total of $10,649.40 for the items reflected on that invoice and identifying an outstanding account balance of $55,627.13.

9.      On or about September 17, 2004, defendant TOM PETERS sent an e-mail message to defendant BRIJ BHUSHAN BANSAL that "I just wanted to let you know that my accountant is not in today and your deposit will be made on Monday for invoices 82 and 83 . . . your money will be in your account on Monday."

10.      On or about September 17, 2004, a wire transfer in the amount of $71,643.80, originating from the account of "Basel Esc Services Re Ccoinzrx" at Kleinwort Benson (Channel Islands), Ltd., Channel Islands, United Kingdom, through correspondent bank JP Morgan Chase Manhattan Bank, New York, was made into an account maintained by defendant KELLY ANN COUCHMAN at RBC Centura Bank account in Sarasota, Florida.

11.      On or about September 21, 2004, at approximately 3:37 p.m, a cash deposit in the amount of $9,000 was made into a bank account maintained at Wachovia Bank by defendant AKHIL BANSAL at a Wachovia Bank branch in Sarasota, Florida.

12.    On or about September 21, 2004, at approximately 4:03 p.m. a cash deposit in the amount of $7,240 was made into a bank account maintained at Wachovia Bank by defendant AKHIL BANSAL at another Wachovia Bank branch in Sarasota, Florida.

13.    On or about  September 24, 2004, defendant TOM PETERS sent to defendant BRIJ BHUSHAN BANSAL an e-mail message stating that "today I will have my accountant pay you for invoices 84 and 85.  Your check will be in your account today."

14.    On or about September 24, 2004, defendant KELLY ANN COUCHMAN purchased an official RBC Centura Bank check in the amount of $25,840.50 made payable to defendant AKHIL BANSAL.

15.    On or about September 24, 2004, defendant KELLY ANN COUCHMAN caused a deposit to be made of an official RBC Centura Bank check in the amount of $25,840.50 at a Sarasota, Florida branch of Wachovia Bank, into a bank account maintained at Wachovia Bank by defendant AKHIL BANSAL.

16.    On or about January 18, 2005, defendant KELLY ANN COUCHMAN caused a deposit to be made of an official RBC Centura Bank check in the amount of $33,668.32 at a Sarasota, Florida branch of Wachovia Bank, into a bank account maintained at Wachovia Bank by defendant AKHIL BANSAL.

17.    On or about September 13, 2004, defendant ROHN WALLACE sent an e-mail message to defendant BRIJ BHUSHAN BANSAL and asked ". . . may I wire you for this and the last invoice at the same time?"

18.     On or about September 14, 2004, defendant BRIJ BHUSHAN BANSAL responded by sending an e-mail message to defendant ROHN WALLACE which stated ". . . We will give you the bank information very soon after contacting Akhil."

19.     On or about September 20, 2004, defendant BRIJ BHUSHAN BANSAL sent an e-mail message to defendant ROHN WALLACE with an attached invoice in the amount of $979.70 for shipments of controlled substance pharmaceutical drugs, ordered by defendant ROHN WALLACE, to consumers for orders submitted by defendant WALLACE, including alprazolam, a controlled substance in Schedule IV; Valium®, a controlled substance in Schedule IV; codeine, a controlled substance in Schedule II; and Darvon®, a controlled substance in Schedule IV.

20.     On or about September 24, 2004, defendant ROHN WALLACE caused a wire transfer, in the amount of $3,436, to be deposited into a bank account maintained by defendant AKHIL BANSAL at Bank of America, originating from AIB Bank, Dublin, Ireland, through correspondent bank Deutsche Bank Trust Co. Americas, New York.

21.     On or about January 4, 2005, defendant ROHN WALLACE caused a wire transfer, in the amount of $49,975, to be deposited into a bank account maintained by defendant AKHIL BANSAL at Bank of America, originating from AIB Bank, Dublin, Ireland, through correspondent bank Deutsche Bank Trust Co. Americas, New York.

22.     On or about January 27, 2005, defendant ROHN WALLACE caused a wire transfer in the amount of $51,277.50 to be deposited into a bank account maintained by defendant AKHIL BANSAL at Fleet Bank, originating from AIB Bank, Dublin, Ireland, through correspondent bank Deutsche Bank Trust Co., Americas, New York.

-46-

23.    On or about September 2, 2004, defendant BRIJ BHUSHAN BANSAL sent an e-mail message to defendant VICTOR DEVORE with an attached invoice listing 95 separate shipments of pharmaceutical drugs to consumers for orders submitted by defendant DEVORE, reflecting customer names and addresses in the United States, which invoice included controlled substances Valium®, a controlled substance in Schedule IV;  Xanax®, a controlled substance in Schedule IV; Ambien®, a controlled substance in Schedule IV; Ativan®, a controlled substance in Schedule.IV; Librium®, a controlled substance in Schedule IV, and other pharmaceutical drugs, billing a total of $6,590 for the shipments reflected on that invoice.

24.    On or about September 17, 2004, defendant VICTOR DEVORE sent an e-mail message to defendant BRIJ BHUSHAN BANSAL stating ". . . I have sent a wire to you today . . . and here is a small order pack.   I didn't know you had 2mg Xanax, so I was using another pharmacy . . . ."

25.    On or about September 20, 2004, defendant BRIJ BHUSHAN BANSAL sent an e-mail message to defendant VICTOR DEVORE stating: "Thanks for the orders. Please inform us the amount of the wire transfer and to which bank account so that we may tally.  Thanks. Brij."

26.    On or about September 17, 2004, defendant VICTOR DEVORE caused a wire transfer, in the amount of $6,264.48, to be made from Bank of America, Florida, to a bank account maintained at Bank of America by defendant AKHIL BANSAL in Philadelphia.

27.    On or about October 27, 2004, defendant VICTOR DEVORE caused a wire transfer, in the amount of $14,426, to be made from Bank of America, Florida, to a bank account maintained at the Bank of America by defendant AKHIL BANSAL in Philadelphia, PA.

28.     On or about October 9, 2004, defendant BRIJ BHUSHAN BANSAL sent an

e-mail message to defendant JITENDRA ARORA directing defendant JITENDRA ARORA to

send the wire transfer to a bank account maintained by defendant AKHIL BANSAL at Bank of

America in Philadelphia, PA.

29.     On or about October 11, 2004, defendant BRIJ BHUSHAN BANSAL sent an

e-mail message to defendant JITENDRA ARORA attaching an invoice for the shipment of 181

orders for pharmaceutical drugs shipped to consumers for orders submitted by defendant

JITENDRA ARORA, reflecting customer names and addresses, all for the generic form of

Vicodin® (later clarified through e-mail messages as generic paracetamol with codeine, a narcotic

controlled substance in Schedule III), for a total billing of $17,380 for that invoice.

30.     On or about October 13, 2004, defendant JITENDRA ARORA caused a wire

transfer in the amount of $17,365, to be made from The Bank of Nevis, Nevis, West Indies, to a

bank account maintained by defendant AKHIL BANSAL at Bank of America in Philadelphia.

31.     On or about November 15, 2004, defendant JITENDRA ARORA caused a wire

transfer, in the amount of $29,970, to be made from The Bank of Nevis, Nevis, West Indies, to a

bank account maintained by defendant AKHIL BANSAL at Bank of America in Philadelphia.

32.     On or about November 26, 2004, defendant JITENDRA ARORA caused a wire

transfer, in the amount of $23,989.25, to be made from The Bank of Nevis, Nevis, West Indies,

to a bank account maintained by defendant AKHIL BANSAL at Commerce Bank, Philadelphia.

33.     On or about November 29, 2004, defendant JITENDRA ARORA sent an e-mail

message to defendant BRIJ BHUSHAN BANSAL informing him that "A wire was sent today for

$16,000 I need to talk to akhil so i can explain to him the accounts."

-48-

34.    On or about January 15, 2005, defendant BRIJ BHUSHAN BANSAL sent an

e-mail message to defendant JITENDRA ARORA stating "From now on please transfer the

funds in the following Bank account.  The funds should be in round figure as 10-15-20000 so

that it sould not look like a business transaction," and provided details for a bank account

maintained by defendant ATUL VIJAYKUMAR PATIL at HSBC Bank International Limited,

St. Helier, Jersey, Channel Islands.

35.    On or about August 10, 2004, defendant BRIJ BHUSHAN BANSAL sent an

e-mail message to defendant MATTHEW JOSEPH MELAO with an attached invoice reflecting

shipments of pharmaceutical drugs to consumers for orders placed by defendant MELAO, listing

customer names and addresses, and identifying the controlled substance pharmaceutical drugs

that had been shipped, including diazepam, a controlled substance in Schedule IV; codeine, a

controlled substance in Schedule II; and alprazolam, a controlled substance in Schedule IV, for a

total amount owed of $1,416.10.

36.    On or about September 28, 2004, defendant BRIJ BHUSHAN BANSAL sent an

e-mail message to defendant MATTHEW JOSEPH MELAO advising "We have given the

Information of the Fleet Bank account. We are having a account with this Bank and the money

may be directly transferred to this bank."

37.    On or about September 28, 2004, defendant MATTHEW JOSEPH MELAO

caused a wire transfer, in the amount of $4,746.90, to be made from First American Bank, Texas,

and deposited into a bank account maintained by defendant AKHIL BANSAL at Fleet Bank,

Philadelphia.

-49-

38.    On or about October 6, 2004, defendant CHRISTOPHER GEOFF LAINE sent an

e-mail message to defendant BRIJ BHUSHAN BANSAL, with a copy to defendant MATTHEW

JOSEPH MELAO, asking to "Please provide me with wire transfer instructions as I will be

making the wires to you from Korea, or Switzerland, rather than Matthew from Romania. I will

not be using Western Union but will be making direct bank wire transfers through one of the two

banks."

39.    On or about October 6, 2004, defendant BRIJ BHUSHAN BANSAL sent an

e-mail message to defendant CHRISTOPHER GEOFF LAINE providing wire transfer

instructions to a bank account maintained by AKHIL BANSAL at ICICI Bank, India.

40.    On or about October 13, 2004, defendant CHRISTOPHER GEOFF LAINE sent

an e-mail message to defendant BRIJ BHUSHAN BANSAL captioned "Wire instructions

please" and stating, in the body of the message, "Thank you, Matthew got the instructions to me

and I made the transfer on Friday through Korea Exchange bank."

41.    On or about August 16, 2004, defendant BRIJ BHUSHAN BANSAL sent an

e-mail to *holly@performancemarketingltd.com* and attached to the message an invoice for the

shipment of pharmaceutical drugs to consumers, for orders placed by and on behalf of defendant

KEVIN ATKINSON, which contained customer names and addresses and the controlled

substance pharmaceutical drugs that had been shipped, including PWC (paracetamol with

codeine), a controlled substance in Schedule III; Darvon®, a controlled substance in Schedule IV;

Ambien®, a controlled substance in Schedule IV; and Xanax®, a controlled substance in

Schedule IV.

42.     On or about September 3, 2004, defendant KEVIN ATKINSON caused a wire transfer, in the amount of $10,015, to be made from RBC Centura Bank, North Carolina, to an account maintained by defendant AKHIL BANSAL at ICICI Bank, India.

43.     On or about September 16, 2004, defendant BRIJ BHUSHAN BANSAL sent an e-mail message to defendant KEVIN ATKINSON stating "please send the wire transfer to the new account we are giving as we facing some problems with our Indian bank account," and provided bank account details for an account maintained by defendant AKHIL BANSAL at Wachovia Bank in Philadelphia.

44.     On or about September 28, 2004, defendant KEVIN ATKINSON caused a wire transfer, in the amount of $10,101, to be made from RBC Centura Bank, North Carolina, and deposited into an account maintained by defendant AKHIL BANSAL at Wachovia Bank in Philadelphia.

45.     On or about  February 8, 2005, defendant AKHIL BANSAL sent an e-mail message from Philadelphia to defendant KEVIN ATKINSON stating "The orders will go out today."

46.     On or about January 13, 2005, defendant KEVIN ATKINSON caused a wire transfer, in the amount of $5,956.65, to be made to an account maintained by defendant SANJEEV ANANT SRIVASTAV at Fleet Bank.

47.     On or about November 18, 2004, defendant SANJEEV ANANT SRIVASTAV deposited a check, in the amount of $35,000, made by defendant AKHIL BANSAL and drawn on defendant AKHIL BANSAL's Bank of America account in Philadelphia.

48.     On or about November 27, 2005, defendant SANJEEV ANANT SRIVASTAV negotiated a check, in the amount of $15,000, made by defendant AKHIL BANSAL and drawn on defendant AKHIL BANSAL's Bank of America account in Philadelphia.

49.     On or about December 20, 2004, defendant ATUL VIJAYKUMAR PATIL completed an online bank application to open an account at Standard Chartered Bank, Jersey, Channel Islands, United Kingdom, in which he stated that he expected to send funds to the account totaling $850,000 per year from accounts in the United States, Ireland and the West Indies.

50.     On or about January 11, 2005, defendant ATUL VIJAYKUMAR PATIL sent an e-mail message to defendant AKHIL BANSAL and provided defendant AKHIL BANSAL with bank account details for an account opened and maintained by defendant ATUL VIJAYKUMAR PATIL at HSBC Bank International Ltd. in Jersey, Channel Islands.

51.     On or about January 31, 2005, defendant AKHIL BANSAL executed a check to "Data Pro Consulting" in the amount of $37,667 drawn on his Bank of America account in Philadelphia.

52.     On or about February 25, 2005, defendant ATUL VIJAYKUMAR PATIL deposited a check in the amount of $16,250, made by defendant AKHIL BANSAL and drawn on defendant AKHIL BANSAL's Wachovia Bank account in Philadelphia.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS SEVEN THROUGH TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated here.

2.      On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendants

**JITENDRA ARORA
AKHIL BANSAL and
BRIJ BHUSHAN BANSAL**

knowingly transported, transmitted, and transferred funds, and aided, abetted and willfully caused the transport, transmitting, and transfer of funds, as set forth below, to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is, the distribution of, and conspiracy to distribute, controlled substances, in violation of Title 21, United States Code, Sections 841(a) and 846:

| Count | Date | Amount | Financial Transaction |
|---|---|---|---|
| 7 | Oct. 13, 2005 | $17,365.00 | Wire transfer from The Bank of Nevis, Nevis, West Indies, to Bank of America account of Akhil Bansal, Philadelphia, Pa. |
| 8 | Nov. 15, 2004 | $39,985.00 | Wire transfer from The Bank of Nevis, Nevis, West Indies, to Bank of America account of Akhil Bansal, Philadelphia, Pa. |
| 9 | Nov. 26, 2004 | $23,989.25 | Wire transfer from The Bank of Nevis, Nevis, West Indies, to Commerce Bank account of Akhil Bansal, Philadelphia, Pa. |
| 10 | Jan. 13, 2005 | $24,985.00 | Wire transfer from The Bank of Nevis, Nevis, West Indies, to Bank of America account of Akhil Bansal, Philadelphia, Pa. |

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## COUNTS ELEVEN THROUGH THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated here.

2.    On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendants

**TOM PETERS,
KELLY ANN COUCHMAN,
AKHIL BANSAL and
BRIJ BHUSHAN BANSAL**

knowingly engaged in and attempt to engage in, and aided, abetted, and willfully caused, a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, as set forth below, and such property was derived from a specified unlawful activity, that is, the distribution of, and conspiracy to distribute, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and the use of a facility in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1952(a)(3):

| Count | Date | Amount | Monetary Transaction |
|-------|------|--------|----------------------|
| 11 | Oct. 12, 2004 | $44,389.84 | Deposit of RBC Centura Bank check into Wachovia Bank account of Akhil Bansal, Philadelphia, Pa. |
| 12 | Nov. 29, 2004 | $38,337.15 | Deposit of RBC Centura Bank check into Wachovia Bank account of Akhil Bansal, Philadelphia, Pa. |
| 13 | Jan. 18, 2005 | $33,668.32 | Deposit of RBC Centura Bank check into Wachovia Bank account of Akhil Bansal, Philadelphia, Pa. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNTS FOURTEEN THROUGH SIXTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated

here.

2.      On or about the dates set forth below, at various locations in the Eastern District

of Pennsylvania and elsewhere, defendants

**TOM PETERS,**
**KELLY ANN COUCHMAN,**
**AKHIL BANSAL and**
**BRIJ BHUSHAN BANSAL**

knowingly conducted, and attempted to conduct, and aided, abetted and wilfully caused, the

following financial transactions affecting interstate commerce:

| Count | Date | Amount | Financial Transaction |
|---|---|---|---|
| 14 | Sept. 27, 2004 | $25,840.50 | Deposit of RBC Centura Bank check into Wachovia Bank account of Akhil Bansal, Philadelphia, Pa. |
| 15 | Oct. 15, 2004 | $12,225.90 | Deposit of RBC Centura Bank check into Wachovia Bank account of Akhil Bansal, Philadelphia, Pa. |
| 16 | Dec. 13, 2004 | $37,964.88 | Deposit of RBC Centura Bank check into Wachovia Bank account of Akhil Bansal, Philadelphia, Pa. |

3.      When conducting, aiding, abetting, and willfully causing, the financial

transactions described in paragraph 2 above, defendants TOM PETERS, KELLY ANN

COUCHMAN, AKHIL BANSAL and BRIJ BHUSHAN BANSAL knew that the property

involved in those financial transactions represented the proceeds of some form of unlawful

activity.

4.      The financial transactions described in paragraph 2 above involved the proceeds

of a specified unlawful activity, that is,  the distribution of, and conspiracy to distribute,

controlled substances, in violation of Title 21, United States Code, Sections 841(a) and 846; and

-55-

the use of a facility in interstate and foreign commerce to promote an unlawful activity, in

violation of Title 18, United States Code, Section 1952(a)(3), and defendants TOM PETERS,

KELLY ANN COUCHMAN, AKHIL BANSAL and BRIJ BHUSHAN BANSAL acted with the

intent to promote the carrying on of specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNTS SEVENTEEN THROUGH TWENTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated here.

2.    On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendants

**ROHN WALLACE,**
**AKHIL BANSAL and**
**BRIJ BHUSHAN BANSAL**

knowingly transported, transmitted, and transferred funds, and aided, abetted and willfully caused the transport, transmitting, and transfer of funds, to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is, the distribution of, and conspiracy to distribute, controlled substances, in violation of Title 21, United States Code, Sections 841(a) and 846:

| Count | Date | Amount | Financial Transaction |
|-------|------|--------|----------------------|
| 17 | Sept. 24, 2004 | $3436.00 | Wire transfer from AIB Bank, Dublin, Ireland to Bank of America account of Akhil Bansal, Philadelphia, Pa. |
| 18 | Oct. 14, 2004 | $7570.00 | Wire transfer from AIB Bank, Dublin, Ireland, to Bank of America account of Akhil Bansal, Philadelphia, Pa. |
| 19 | Jan. 4, 2005 | $49,970.00 | Wire transfer from AIB Bank, Dublin, Ireland, to Bank of America account of Akhil Bansal, Philadelphia, Pa. |
| 20 | Jan. 27, 2005 | $51,277.50 | Wire transfer from AIB Bank, Dublin, Ireland, to Fleet Bank account of Akhil Bansal, Philadelphia, Pa. |
| 21 | Jan. 28, 2005 | $50,196.20 | Wire transfer from AIB Bank, Dublin, Ireland, to Fleet Bank account of Akhil Bansal, Philadelphia, Pa. |

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## COUNTS TWENTY-TWO THROUGH TWENTY-SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated here.

2.      On or about the dates set forth below, at various locations in the Eastern District of Pennsylvania and elsewhere, defendants

**VICTOR DEVORE,
AKHIL BANSAL and
BRIJ BHUSHAN BANSAL**

knowingly conducted and attempted to conduct, and aided, abetted and willfully caused the conducting of, the following financial transactions affecting interstate commerce:

| Count | Date | Amount | Financial Transaction |
|---|---|---|---|
| 22 | Sept. 17, 2004 | $6264.48 | Wire transfer from Bank of America, Fort Lauderdale, FL to Bank of America account of Akhil Bansal, Phila., PA |
| 23 | October 27, 2004 | $14,426.00 | Wire transfer from Bank of America, Fort Lauderdale, FL to Bank of America account of Akhil Bansal, Phila., PA |
| 24 | Nov. 17, 2004 | $14,373.95 | Wire transfer from Bank of America, Fort Lauderdale, FL to Bank of America account of Akhil Bansal, Phila., PA |
| 25 | Dec. 27, 2004 | $8,892.30 | Wire transfer from Bank of America, Fort Lauderdale, FL to Bank of America account of Akhil Bansal, Phila., PA |
| 26 | Jan. 7, 2005 | $5,225.60 | Wire transfer from Bank of America, Fort Lauderdale, FL to Bank of America account of Akhil Bansal, Phila., PA |

3.      When conducting, aiding, abetting, and willfully causing, the financial transactions described in paragraph 2 above, defendants VICTOR DEVORE, AKHIL BANSAL and BRIJ BHUSHAN BANSAL knew that the property involved in those financial transactions represented the proceeds of some form of unlawful activity.

4.      The financial transactions described in paragraph 2 above involved the proceeds of a specified unlawful activity, that is, the distribution of, and conspiracy to distribute,

controlled substances, in violation of Title 21, United States Code, Sections 841(a) and 846, and

proceeds from the use of a facility in interstate and foreign commerce to promote an unlawful

activity, in violation of Title 18, United States Code, Section 1952(a)(3), and defendants

VICTOR DEVORE, AKHIL BANSAL and BRIJ BHUSHAN BANSAL acted with the intent to

promote the carrying on of specified unlawful activity.

      All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNTS TWENTY-SEVEN THROUGH TWENTY-EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated here.

2.     On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendants

**MATTHEW JOSEPH MELAO,**
**CHRISTOPHER GEOFF LAINE**
**AKHIL BANSAL and**
**BRIJ BHUSHAN BANSAL**

knowingly conducted and attempted to conduct, and aided, abetted and willfully caused the conducting of, the following financial transactions affecting interstate commerce:

| Count | Date | Amount | Financial Transaction |
|-------|------|--------|----------------------|
| 27 | Sept. 17, 2004 | $3,258.00 | Wire transfer from First American Bank, Texas to Fleet Bank account of Akhil Bansal, Philadelphia, Pa. |
| 28 | Sept. 28, 2004 | $4,746.90 | Wire transfer from First American Bank, Texas, to Fleet Bank account of Akhil Bansal, Philadelphia, Pa. |

3.     When conducting, aiding, abetting, and willfully causing, the financial transactions described in paragraph 2 above, defendants MATTHEW JOSEPH MELAO, CHRISTOPHER GEOFF LAINE, AKHIL BANSAL and BRIJ BHUSHAN BANSAL knew that the property involved in those financial transactions represented the proceeds of some form of unlawful activity.

4.     The financial transactions described in paragraph 2 above involved the proceeds of a specified unlawful activity, that is, the distribution of, and conspiracy to distribute, controlled substances, in violation of Title 21, United States Code, Sections 841(a) and 846, and the use of a facility in interstate and foreign commerce to promote an unlawful activity, in

violation of Title 18, United States Code, Section 1952(a)(3), and defendants MATTHEW

JOSEPH MELAO, CHRISTOPHER GEOFF LAINE, AKHIL BANSAL and BRIJ BHUSHAN

BANSAL acted with the intent to promote the carrying on of specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNT TWENTY-NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated here.

2.      On or about July 28, 2004, in the Eastern District of Pennsylvania and elsewhere, defendant

**AKHIL BANSAL**

knowingly transported, transmitted, and transferred funds from a place in the United States to and through a place outside the United States, that is, a $20,000 wire transfer from Fleet Bank, Philadelphia, Pennsylvania to HDFC Bank, Hyderabad, India, with the intent to promote the carrying on of specified unlawful activity, that is, the importation and distribution of, and conspiracy to import and distribute, controlled substances, in violation of Title 21, United States Code, Sections 841(a), 846, 952, and 963.

In violation of Title 18, United States Code, Section 1956(a)(2)(A).

## COUNTS THIRTY THROUGH THIRTY-SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated here.

      2.      On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendant

### AKHIL BANSAL

knowingly engaged and attempted to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, described more fully below, and such property was derived from specified unlawful activity, that is, the distribution of, and conspiracy to distribute, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846:

| Count | Date | Amount | Monetary Transaction |
|-------|------|--------|----------------------|
| 30 | Nov. 9, 2004 | $100,000.00 | Check drawn on Bank of America account, Philadelphia, Pa, deposited to Fleet Bank, Philadelphia, Pa. |
| 31 | Nov. 10, 2004 | $150,000.00 | Wire transfer from Fleet Bank account, Philadelphia, Pa. to HSBC Bank, Channel Islands, United Kingdom |
| 32 | Nov. 17, 2004 | $100,000.00 | Check drawn Bank of America account, Philadelphia, Pa., deposited to Fleet Bank, Philadelphia, Pa. |
| 33 | Jan. 15, 2005 | $ 30,000.00 | Check drawn on Bank of America account, Philadelphia, Pa, deposited to Bank of America account, New York, payable to DataPro Consulting. |
| 34 | Jan. 15, 2005 | $ 37,667.00 | Check drawn on Bank of America account, Philadelphia, Pa, deposited to Fleet Bank, New York, payable to DataPro Consulting, Inc. |
| 35 | Feb. 22, 2005 | $29,545.00 | Check drawn on Wachovia account, Philadelphia, Pa. deposited to Citizens Bank, Philadelphia. Pa. |
| 36 | Feb. 22, 2005 | $ 27,500.00 | Check drawn on Wachovia Bank account, Philadelphia, deposited to United National Federal Credit Union, New York |
| 37 | Feb. 28, 2005 | $ 32,125.00 | Check drawn on Wachovia Bank account, Philadelphia, deposited to PNC Bank, Philadelphia, Pa. |

All in violation of Title 18, United States Code, Section 1957.

## COUNTS THIRTY-EIGHT THROUGH THIRTY-NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated here.

2.      On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendants

**AKHIL BANSAL and
SANJEEV ANANT SRIVASTAV**

knowingly engaged and attempted to engage in, and aided, abetted and willfully caused, a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, and such property was derived from specified unlawful activity, that is, the distribution of, and conspiracy to distribute, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846:

| Count | Date | Amount | Monetary Transaction |
|-------|------|--------|----------------------|
| 38 | Nov. 13, 2004 | $35,000.00 | Check drawn on Bank of America account, Philadelphia, Pa. and deposited at Fleet Bank. |
| 39 | Nov. 30, 2004 | $15,000.00 | Check drawn on Bank of America account, Philadelphia, Pa. and deposited at Fleet Bank. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNTS FORTY THROUGH FORTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated here.

2.     On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendant

**AKHIL BANSAL**

knowingly conducted, and attempted to conduct, the following financial transactions affecting interstate commerce:

| Count | Date | Amount | Financial Transaction |
|-------|------|--------|----------------------|
| 40 | Sept. 13, 2004 | $22,500.00 | Check drawn on Bank of America, Philadelphia, Pa, deposited into Fleet Bank, payable to DataPro Consulting. |
| 41 | Sept. 20, 2004 | $20,000.00 | Check drawn on Fleet Bank, Philadelphia, Pa, deposited to Fleet Bank, payable to DataPro Consulting. |

3.     When conducting the financial transactions described in paragraph 2 above, defendant AKHIL BANSAL knew that the property involved in those financial transactions represented the proceeds of some form of unlawful activity.

4.     The financial transactions described in paragraph 2 above involved the proceeds of a specified unlawful activity, that is, the distribution of, and conspiracy to distribute, controlled substances, in violation of Title 21, United States Code, Sections 841(a) and 846, and defendant AKHIL BANSAL acted with intent to promote the carrying on of specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNTS FORTY-TWO THROUGH FORTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs 1 and 3 through 18, and the overt acts of Count Six, are incorporated here.

2.     On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendants

### AKHIL BANSAL and
### ATUL VIJAYKUMAR PATIL

knowingly engaged and attempted to engage in, and aided, abetted and willfully caused, a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, described more fully below, and such property was derived from specified unlawful activity, that is, the distribution of, and conspiracy to distribute, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846:

| Count | Date | Amount | Monetary Transaction |
|-------|------|--------|----------------------|
| 42 | Nov. 19, 2004 | $20,000.00 | Check drawn on Wachovia Bank account, Philadelphia, Pa. and deposited at Commerce Bank. |
| 43 | Jan. 27, 2005 | $45,000.00 | Check drawn on Commerce Bank account, Philadelphia, Pa. and deposited at PNC Bank. |
| 44 | Feb. 25, 2005 | $16,250.00 | Check drawn on Wachovia Bank account, Philadelphia, Pa. and deposited at PNC Bank. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

-66-

## NOTICE OF FORFEITURE NO. 1

**THE GRAND JURY FINDS PROBABLE CAUSE THAT:**

1.      As a result of the violations of Title 21, United States Code, Sections 846 and

963, set forth in this indictment, defendants

**BRIJ BHUSHAN BANSAL**
**AKHIL BANSAL**
**JULIE AGARWAL,**
**a/k/a "Jaya"**
**YATINDRA KUMAR AGARWAL**
**HIMANSHU KULSHRESTHA**
**ATUL VIJAYKUMAR PATIL**
**SANJEEV ANANT SRIVASTAV**
**JITENDRA ARORA,**
**a/k/a "Jitu"**
**KEVIN ATKINSON**
**VICTOR DEVORE**
**TOM PETERS**
**MATTHEW JOSEPH MELAO**
**CHRISTOPHER GEOFF LAINE**
**WILLIAM RANDALL REED,**
**a/k/a "millerlight,"**
**and**
**RICHARD DABNEY**

shall forfeit to the United States of America:

a.      any property constituting, or derived from, proceeds obtained,

directly or indirectly, as the result of the violations of Title 21, United States Code, as charged in

this indictment, including, but not limited to, a sum of money equal to at least $6,000,000 in

United States currency, representing the amount of proceeds obtained as a result of the

conspiracy to violate the Controlled Substances Act, for which the defendants are jointly and

severally liable, and:

(1)  **Bank Accounts.**

a)    All funds under the control of the above-named defendants

in the following bank accounts constituting or traceable to payments for controlled substances:

| Institution | Account Name / Controlled by | Account Number |
|---|---|---|
| Wachovia Bank | Akhil Bansal | 1010083215380 |
| Wachovia Bank | Akhil Bansal | 1010092423642 |
| Fleet Bank | Akhil Bansal | 9471696391 |
| Fleet Bank | Akhil Bansal | 9483670535 |
| Fleet Bank | Akhil Bansal | CD 881 3637769 |
| Fleet Bank | Akhil Bansal | CD 881 3637777 |
| Fleet Bank | Akhil Bansal | CD 881 3637785 |
| Fleet Bank | Akhil Bansal | CD 881 3637793 |
| Fleet Bank | Akhil Bansal | CD 881 3637806 |
| Bank of America | Akhil Bansal | 0041-1013-8363 |
| Bank of America | Akhil Bansal | 0041-1013-8376 |
| Commerce Bank | Akhil Bansal | 366959724 |
| Commerce Bank | Medisol Consultants Inc. / Akhil Bansal | 366425122 |
| Laiki Bank Ltd., Nicosia, Cyprus | Vodaqua, Ltd. | 178-33-128048 |
| ICICI Bank Ltd. International Banking Group, New Delhi, India | Akhil Bansal | NRE 000701080886 |
| ICICI Bank Ltd. International Banking Group, Rohini, India | Akhil Bansal | NRE 629801150327 |
| ICICI Bank Ltd. – Mumbai Offshore Bank Unit | Akhil Bansal | 83302406 |
| ICICI Bank Ltd., Singapore | Akhil Bansal and "FM" | 851001539 |
| ICICI Bank Ltd., Singapore | Akhil Bansal and Brij Bhushan Bansal | 851001593 |
| HSBC Bank International Limited, Channel Islands | Akhil Bansal | 406162 11931113 |
| Standard Bank Offshore Group Ltd., Channel Islands | Akhil Bansal | unknown |

| Institution | Account Name / Controlled by | Account Number |
|---|---|---|
| Standard Chartered (Jersey) Ltd., Channel Islands | Akhil Bansal | unknown |
| Barclays Private Clients International Ltd, Isle of Man | Akhil Bansal | unknown |
| Citizens Bank | "FM"/Akhil Bansal | 620484-490-7 |
| Citizens Bank | "FM"/Akhil Bansal | 620502-960-3 |
| Citizens Bank | "FM"/Akhil Bansal | 6244-455717 |
| PNC Bank | "FM"/Akhil Bansal | 86-0630-6342 |
| PNC Bank | "FM"/Akhil Bansal | 86-0793-3823 |
| PNC Bank | Atul Patil | 86-0641-4167 |
| Commerce Bank | Atul Patil | 366960102 |
| Fleet Bank | Atul Patil | 94803 00838 |
| Fleet Bank | Atul Patil | 94836 70404 |
| HSBC Bank International Limited, Channel Islands | Atul Patil | 022-700595-705 |
| Standard Chartered (Jersey) Ltd., Channel Islands | Atul Patil | unknown |
| Fleet Bank/Bank of America | Sanjeev Srivastav | 9510178651 |
| Fifth Third Bank | Sanjeev Srivastav | 0030591251 |
| Bank of Nevis International Limited, Charlestown, Nevis, West Indies | RS Corp./Jitendra Arora | unknown |
| Barrington Bank, St. Johns, Antigua | Quailtec Ventures, Ltd. / Jitendra Arora | 211.00.1175 |
| RBC Centura | "DG," Kevin Atkinson and "CG" | 045013-988-6 |
| Barrington Bank, St. Johns, Antigua | Flexton Holdings, Ltd. | unknown |
| Bank of America | Pro Image Communications, Inc. / Victor Devore | 0054 8134 3378 |

b)      All rights and interests to funds maintained by and under

the control of the following credit card processing companies:

| Credit Card Co. | on Account for |
|---|---|
| Basel Escrow Services/Ccoinzrx, Jersey, Channel Islands | Kelly Couchman<br>Victor Devore<br>Matthew Joseph Melao, Christopher Geoff Laine |
| Optimal Payments Ltd., Ireland | Jitendra Arora/RS Corp. |
| Euro Credit Card Solutions, Inc., Pompano Beach, FL | Jitendra Arora/RS Corp. |

(2)    **Personal Property.**

      a)      The following vehicles:

            1)      2005 Toyota Scion, VIN: JTKKT624150095221, PA license plate FVT-2562

            2)      2004 Toyota 4-Runner, VIN: JTEBU14R540052463, PA license plate FWE-4712

            3)      2005 Toyota Sequoia, VIN: 5TDBT48A15S234043, OH license plate DHV-8815

            4)      2005 Nissan Pathfinder, VIN: 5N1AR18W25C733256, PA license plate FWF-8359.

      b.      any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations of Title 21, United States Code, as charged in this indictment, including, but not limited to:

      (1)      **Websites.**  All interest in and control over the following websites, including the registration of the domain names:

*www.herbalamerica.com*
*www.performancemarketingltd.com*

*www.bigcitymeds.com*
*www.mercomeds.com*
*www.rxapproved.com*
*www.greentreerx.com*
*www.rxglobally.com*
*www.myemeds.com*
*www.ourprescriptionsforless.com*
*www.yourpharmacyone.com*

wherever registered. Property affiliated with forfeiture of the websites includes, but is not

limited to all computers and related electronic devices, contents, data, information, stored

electronic communications, code used to generate and process data and other files, in any format

whether physical or electronic, including the backups, printouts, and unpublished drafts, which

comprise or are used in the preparation and presentation of the websites listed above, regardless

of the geographic location of the aforementioned contents.

          (2)    **Personal Property**.

              a)      computers, printers, computer hard-drives, CD-ROM

readers, Zip diskette drives, computer image scanners, and software;

    2.    If any of the property subject to forfeiture, as a result of any act or

omission of the defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without

            difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the property subject to

forfeiture.

All pursuant to Title 21, United States Code, Sections 853 and 970.

## NOTICE OF FORFEITURE NO. 2

**THE GRAND JURY FINDS PROBABLE CAUSE THAT:**

1.     As a result of the violation of Title 21, United States Code, Section

848, set forth in this indictment, defendants

**BRIJ BHUSHAN BANSAL, and
AKHIL BANSAL**

shall forfeit to the United States of America:

a. any property constituting, or derived from, proceeds obtained,

directly or indirectly, as the result of the violation charged in this indictment, including, but not

limited to, a sum of money equal to at least $6,000,000 in United States currency, and:

(1)·    **Bank Accounts**.  All funds under the control of the above-named

defendants in the following bank accounts constituting or traceable to payments for controlled

substances:

| Institution | Account Name / Controlled by | Account Number |
|---|---|---|
| Wachovia Bank | Akhil Bansal | 1010083215380 |
| Wachovia Bank | Akhil Bansal | 1010092423642 |
| Fleet Bank | Akhil Bansal | 9471696391 |
| Fleet Bank | Akhil Bansal | 9483670535 |
| Fleet Bank | Akhil Bansal | CD 881 3637769 |
| Fleet Bank | Akhil Bansal | CD 881 3637777 |
| Fleet Bank | Akhil Bansal | CD 881 3637785 |
| Fleet Bank | Akhil Bansal | CD 881 3637793 |
| Fleet Bank | Akhil Bansal | CD 881 3637806 |
| Bank of America | Akhil Bansal | 0041-1013-8363 |
| Bank of America | Akhil Bansal | 0041-1013-8376 |
| Commerce Bank | Akhil Bansal | 366959724 |

| Institution | Account Name / Controlled by | Account Number |
|---|---|---|
| Commerce Bank | Medisol Consultants Inc. / Akhil Bansal | 366425122 |
| Laiki Bank Ltd., Nicosia, Cyprus | Vodaqua, Ltd. | 178-33-128048 |
| ICICI Bank Ltd. International Banking Group, New Delhi, India | Akhil Bansal | NRE 000701080886 |
| ICICI Bank Ltd. International Banking Group, Rohini, India | Akhil Bansal | NRE 629801150327 |
| ICICI Bank Ltd. – Mumbai Offshore Bank Unit | Akhil Bansal | 83302406 |
| ICICI Bank Ltd., Singapore | Akhil Bansal and "FM" | 851001539 |
| ICICI Bank Ltd., Singapore | Akhil Bansal and Brij Bhushan Bansal | 851001593 |
| HSBC Bank International Limited, Channel Islands | Akhil Bansal | 406162 11931113 |
| Standard Bank Offshore Group Ltd., Channel Islands | Akhil Bansal | unknown |
| Standard Chartered (Jersey) Ltd., Channel Islands | Akhil Bansal | unknown |
| Barclays Private Clients International Ltd, Isle of Man | Akhil Bansal | unknown |
| Citizens Bank | "FM"/Akhil Bansal | 620484-490-7 |
| Citizens Bank | "FM"/Akhil Bansal | 620502-960-3 |
| Citizens Bank | "FM"/Akhil Bansal | 6244-455717 |
| PNC Bank | "FM"/Akhil Bansal | 86-0630-6342 |
| PNC Bank | "FM"/Akhil Bansal | 86-0793-3823 |

(2)    **Personal Property.**

    1)    The following vehicles:

    2)    2005 Toyota Scion, VIN: JTKKT624150095221,

        PA license plate FVT-2562

    3)    2004 Toyota 4-Runner, VIN:

        JTEBU14R540052463, PA license plate FWE-4712

    4)    2005 Toyota Sequoia, VIN: 5TDBT48A15S234043,

OH license plate DHV-8815

    5)    2005 Nissan Pathfinder, VIN:

5N1AR18W25C733256, PA license plate FWF-

8359.

    b.    any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation charged in this indictment, including, but not limited to:

    (1) computers, printers, computer hard-drives, CD-Rom readers, Zip Diskette Drives, computer image scanners, and software;

    c.    any interest in, claims against, and property or contractual rights affording a source of control over the enterprise, as the result of the violation charged in this indictment, including, but not limited to:

    (1) computers, printers, computer hard-drives, CD-ROM readers, Zip diskette drives, computer image scanners, and software;

    2.    If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    a.  Cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

## NOTICE OF FORFEITURE NO. 3

**THE GRAND JURY FINDS PROBABLE CAUSE THAT:**

1.     As a result of the violations of Title 18, United States Code, Sections

1956 and 1957 set forth in this indictment, defendants

**BRIJ BHUSHAN BANSAL
AKHIL BANSAL
ATUL VIJAYKUMAR PATIL
SANJEEV ANANT SRIVASTAV
JITENDRA ARORA,
a/k/a "Jitu"
KEVIN ATKINSON
VICTOR DEVORE
TOM PETERS
KELLY ANN COUCHMAN
MATTHEW JOSEPH MELAO
CHRISTOPHER GEOFF LAINE, and
ROHN WALLACE**

shall forfeit to the United States of America:

a.     any and all property involved in such offenses, and any property traceable

to such property, including, but not limited to, a sum of money equal to at least $7,600,000 in

United States currency, representing the amount of property involved in the conspiracy to violate

the Money Laundering Control Act, for which the defendants are jointly and severally liable, and:

(1)     **Bank Accounts.**

a)     All funds under the control of the above-named defendants

in the following bank accounts:

| Institution | Account Name/ Controlled by | Account Number |
|---|---|---|
| Wachovia Bank | Akhil Bansal | 1010083215380 |
| Wachovia Bank | Akhil Bansal | 1010092423642 |
| Fleet Bank | Akhil Bansal | 9471696391 |

-77-

| Institution | Account Name/ Controlled by | Account Number |
|---|---|---|
| Fleet Bank | Akhil Bansal | 9483670535 |
| Fleet Bank | Akhil Bansal | CD 881 3637769 |
| Fleet Bank | Akhil Bansal | CD 881 3637777 |
| Fleet Bank | Akhil Bansal | CD 881 3637785 |
| Fleet Bank | Akhil Bansal | CD 881 3637793 |
| Fleet Bank | Akhil Bansal | CD 881 3637806 |
| Bank of America | Akhil Bansal | 0041-1013-8363 |
| Bank of America | Akhil Bansal | 0041-1013-8376 |
| Commerce Bank | Akhil Bansal | 366959724 |
| Commerce Bank | Medisol Consultants Inc. / Akhil Bansal | 366425122 |
| Laiki Bank Ltd., Nicosia, Cyprus | Vodaqua, Ltd. | 178-33-128048 |
| ICICI Bank Ltd. International Banking Group, New Delhi, India | Akhil Bansal | NRE 000701080886 |
| ICICI Bank Ltd. International Banking Group, Rohini, India | Akhil Bansal | NRE 629801150327 |
| ICICI Bank Ltd. – Mumbai Offshore Bank Unit | Akhil Bansal | 83302406 |
| ICICI Bank Ltd., Singapore | Akhil Bansal and "FM" | 851001539 |
| ICICI Bank Ltd., Singapore | Akhil Bansal and Brij Bhushan Bansal | 851001593 |
| HSBC Bank International Limited, Channel Islands | Akhil Bansal | 406162 11931113 |
| Standard Bank Offshore Group Ltd., Channel Islands | Akhil Bansal | unknown |
| Standard Chartered (Jersey) Ltd., Channel Islands | Akhil Bansal | unknown |
| Barclays Private Clients International Ltd, Isle of Man | Akhil Bansal | unknown |
| Citizens Bank | "FM"/Akhil Bansal | 620484-490-7 |
| Citizens Bank | "FM"/Akhil Bansal | 620502-960-3 |
| Citizens Bank | "FM"/Akhil Bansal | 6244-455717 |
| PNC Bank | "FM"/Akhil Bansal | 86-0630-6342 |
| PNC Bank | "FM"/Akhil Bansal | 86-0793-3823 |

| Institution | Account Name/ Controlled by | Account Number |
|---|---|---|
| PNC Bank | Atul Patil | 86-0641-4167 |
| Commerce Bank | Atul Patil | 366960102 |
| Fleet Bank | Atul Patil | 94803 00838 |
| Fleet Bank | Atul Patil | 94836 70404 |
| HSBC Bank International Limited, Channel Islands | Atul Patil | 022-700595-705 |
| Standard Chartered (Jersey) Ltd., Channel Islands | Atul Patil | unknown |
| Fleet Bank/Bank of America | Sanjeev Srivastav | 9510178651 |
| Fifth Third Bank | Sanjeev Srivastav | 0030591251 |
| Bank of Nevis International Limited, Charlestown, Nevis, West Indies | RS Corp./Jitendra Arora | unknown |
| Barrington Bank, St. Johns, Antigua | Quailtec Ventures, Ltd. / Jitendra Arora | 211.00.1175 |
| RBC Centura | "DG," Kevin Atkinson and "CG" | 045013-988-6 |
| Barrington Bank, St. Johns, Antigua | Flexton Holdings, Ltd. | unknown |
| Bank of America | Pro Image Communications, Inc. / Victor Devore | 0054 8134 3378 |
| RBC Centura | Kelly Ann Couchman / Global Health Care | 713-000-315-6 |
| RBC Centura | Kelly Ann Couchman | 713-300-423-4 |
| RBC Centura | Kelly Ann Couchman | 713-900-441-1 |
| Wachovia Bank | Kelly Ann Couchman | 1010088269425 |
| Wachovia Bank | Kelly Ann Couchman | 3000054248860 |
| AIB Bank, Dublin, Ireland | WCW.com / Rohn Wallace | unknown |
| AIB Bank, Dublin, Ireland | Rohn Wallace | unknown |

(2)     **Personal Property.**

a)     Computers, printers, computer hard-drives, CD-Rom

readers, Zip Diskette Drives, computer image scanners, and software;

-79-

b)    The following vehicles:

1)    2005 Toyota Scion, VIN: JTKKT624150095221,

PA license plate FVT-2562

2)    2004 Toyota 4-Runner, VIN:

JTEBU14R540052463, PA license plate FWE-4712

3)    2005 Toyota Sequoia, VIN: 5TDBT48A15S234043,

OH license plate DHV-8815

4)    2005 Nissan Pathfinder, VIN:

5N1AR18W25C733256, PA license plate FWF-

8359

5)    2004 Mercedes Benz, VIN:

WDBSK75F75F086645, FL license plate P40-4BG.

2.    If any of the property subject to forfeiture, as a result of any act or

omission of the defendant(s):

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982.

**A TRUE BILL:**


_____

**FOREPERSON**


_____

**PATRICK L. MEEHAN**
*United States Attorney*